IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CUCULICH, SR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN GRIER, and the GRIER LAW FIRM, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES, the Plaintiff, STEVEN CUCULICH, SR., by and through his attorneys, Christopher V. Langone, and brings this Complaint against Defendants JOHN GRIER and the GRIER LAW FIRM (collectively "Grier").

**BRIEF STATEMENT OF CAUSE OF ACTION**

1. This is an action for professional negligence against Grier due to his failure to comply with the standard of care in giving legal advice concerning the consequences of executing a certain limited guaranty, the result of which Plaintiff has been damaged and faces millions of dollars of potential liability.

**PARTIES**

2. Plaintiff Cuculich, ("Cuculich"), is a natural person domiciled in the State of Florida. Cuculich is, therefore, a citizen of the State of Florida.

3. Defendant John Grier is an attorney admitted to practice law and domiciled in the State of Illinois. He is a, therefore, a citizen of the State of Illinois.

4. The Grier Law Firm is, on information and belief, a sole proprietorship, owned and operated by Grier, and thus a citizen of Illinois, like Grier. The Grier Law Firm is sued, in an abundance of caution, in the event that unknown to Plaintiff it is a separate suable entity apart from John Grier, individually. Grier and the Grier Law Firm are collectively referred to herein as "Grier" and both Defendants will be referred to in the singular.

**JURISDICTION AND VENUE**

5. Jurisdiction exists under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Venue in proper in this District under 28 U.S.C. § 1391(b)(1) because it is brought in a judicial district in which a defendant resides. and Defendant is a resident and citizen of Illinois. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. 401 S. State Street Owner LLC is a limited liability company, organized and existing under the laws of the State of Florida.

8. In June 2016, 401 S. State Street Owner LLC ("the Borrower") borrowed in excess of $47 million dollars from Citigroup Global Markets Realty Corp. ("the Loan").

9. The Loan was assigned to a trust ("the Lender"), was evidenced by certain notes (the Notes"), and was secured by a mortgage ("the Mortgage"), which was secured by the property commonly known as 401 S. State Street, Chicago ("the Property").

10. On information and belief, Deutsche Bank Trust Company Americas ("Deutsche Bank") is currently the Trustee for the registered holders of Citigroup Commercial Mortgage Trust 2016-P4, which holds title to the Mortgage (the "Mortgagee").

11. Prior to entering the transaction, in approximately September 2015, Plaintiff sought Defendant for the purposes of obtaining competent legal advice in connection with refinancing the Loan ("the Refinancing Transaction").

12. In connection with the Refinancing Transaction, the Lender requested a Limited Recourse Guaranty ("the Guaranty") from Cuculich.

13. Before executing the Guaranty, which was dated June 10, 2016, Cuculich sought legal advice from Grier.

14. The Guaranty was limited in that certain "carve outs" were negotiated such that Cuculich's liability, as guarantor, would only be triggered upon the occurrence of certain enumerated bad acts committed by the Borrower. Such a guaranty is colloquially referred to in the industry as a "bad boy" guaranty.

15. One of the material aspects of Cuculich's decision regarding whether or not to execute the Guaranty was issue of potential recourse liability by the Lender due to the Borrower's failure to pay for taxes and insurance.

16. Plaintiffs consulted with Grier specifically on the issue of the Guaranty, and Cuculich's potential contingent liability in the event the Borrower failed to pay taxes and insurance.

17. Grier advised Plaintiff that he could eliminate any risk of this potential liability, should a default occur, by simply tendering to the Lender a deed in lieu of foreclosure ("Deed in Lieu").

18. Grier advised that should there be an event of default, Cuculich would be potentially liable only if Borrower did not tender, or refused to tender, a Deed in Lieu.

19. But for this legal advice, Cuculich would not have executed the Guaranty.

20. Reasonably relying on this legal advice, Plaintiff Cuculich executed the Guaranty, dated June 10, 2016.

21. At all times relevant to this matter, Robert Morris was the sole tenant in Property, and signatory to a long-term lease (the "Lease").

22. In approximately April 2020, after its acquisition by Roosevelt University, Robert Morris breached the Lease, stopped paying rent, and abandoned the Property.

23. Due to Robert Morris' failure to pay rent and abandonment of the Property, and not due to any bad acts by the Borrower, the Loan went into default.

24. Along with its agent and servicer, the Mortgagee, Deutsche Bank, filed a lawsuit in the Circuit Court of Cook County, Chancery Division, which is captioned

*Deutsche Bank Trust Company Americas, as Trustee, et al. v. Cuculich*, 21 L 009510 (the "Lawsuit").

25. The Lawsuit alleges, among other things, that pursuant to the terms of the Guaranty, Cuculich is liable for sums that are recourse to the Borrower under Article 13 of the Loan Agreement.

26. In the Lawsuit, Deutsche Bank claims that the Borrower failed to comply with the terms of the Loan and is in default thereunder by virtue of, among other things, its failure to pay the monthly installments of principal and interest in April of 2020 and each month thereafter (the "Default").

27. By reason of this claimed Default, on or about July 21, 2020, the Lender accelerated all amounts due and owing under the Notes.

28. Section 13.1(a) of the Loan Agreement provides that the Borrower shall be personally liable for "any Loss incurred by Lender (including attorneys' fees and costs reasonably incurred) arising out of or in connection with the following:

\* \* \*

    (vi)    failure to pay Taxes, charges for labor or materials or other charges that can create liens on any portion of the Property in accordance with the terms and provisions hereof;

\* \* \*

    (xi)    the failure to make ... any True Up Payment ... as and when required herein; "

29. By letter dated July 22, 2020 (the "2020 Tax Letter"), the Lender demanded that the Borrower tender a True Up Payment in the amount of $1,333,332.72 (the "2020 Tax True Up") inorder to cover a shortfall in the tax escrow that was needed in order to pay real property taxes thatwere due on August 3, 2020.

30. Borrower failed to pay the 2020 Tax True Up.

31. By letter dated February 5, 2021 (the "2021 Tax Letter"), the Lender demanded that the Borrower tender a True Up Payment in the amount of $1,901,312.36 (the "202 l Tax TrueUp") to cover a shortfall in the tax escrow to pay real property taxes that were due on March 2, 2021

32. Borrower has failed to pay the 2021 Tax True Up.

33. By letter dated July 30, 2021 (the "2021 Insurance Letter"), the Lender demandedthat the Borrower tender a True Up Payment in the amount of $768,363.84 (the "Insurance True Up").

34. Borrower failed to pay the Insurance True Up as required by the terms of the Loan Agreement.

35. Deutsche Bank claims, and has also alleged in the Lawsuit, that pursuant to Paragraphs I and 2(a) of the Guaranty, the Lender has the right to look to Plaintiff Cuculich, as Guarantor, for the payment of the recourse obligations and liabilities of the Borrower that arose under Article 13 of the Loan Agreement (collectively, the "Guaranteed Recourse Obligations of Borrower").

36. Deutsche Bank claims, and has also alleged in the Lawsuit, that pursuant to Section 13. l(a) of the Loan Agreement, the Guarantor is also personally

6

liable for all costs, fees and expenses, including attorneys' fees, incurred as a result of the Borrower's failure to pay any of the Guaranteed Recourse Obligations of Borrower.

37. Deutsche Bank claims, and has also alleged in the Lawsuit, that Paragraph 10 of the Guaranty also renders the Guarantor personally liable for all costs, fees and expenses, including attorneys' fees, incurred as a result of the Lender's efforts to preserve or enforce its rights under the Guaranty.

38. Deutsche Bank claims, and has also alleged in the Lawsuit that as a result of the Borrower's failure to pay the 2020 Tax True Up, the 2021 Tax True Up and the Insurance True Up (collectively, the "True Up Payments"), by letter dated: August 13, 2021 (the "Guarantor Demand Letter"), the Lender made written demand on the Guarantor for the payment of approximately $4,000,000.00 for the past due True Up Payments, together with the related costs, fees and expenses in the amount of $6,000.00.

39. Deutsche Bank claims, and has also alleged in the Lawsuit, that Plaintiff claims that Plaintiff Cuculich, as Guarantor, has failed to pay the past due True Up Payments and the related costs, fees and expenses, which totaled $4,009,008.92.

40. On January 20, 2022 in accordance with Grier's advice, Defendants tendered the Deed in Lieu to the Mortgagee.

41. Contrary to Grier's advice, this did not terminate the Lawsuit, or the claims on the Guaranty.

## COUNT I
## Professional Negligence

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein as paragraph 41 of Count I of the Complaint.

43. At all times from the time he was retained, Grier had the duty to use such skill, prudence, and diligence members of the legal profession commonly possesses and exercise in providing legal services to Plaintiff.

44. Defendant breached this duty by providing negligent advice in connection with the execution of the Guaranty, including the legally incorrect advice that tendering a Deed in Lieu would extinguish any liability under the Guaranty in connection with Borrower's failure to pay taxes and insurance.

45. As a direct and proximate result of the negligence of Defendant, Plaintiff has been subjected to litigation through the Lawsuit, has had to pay legal fees, and faces potential liability in excess of $4,000,000.

WHEREFORE, Plaintiff STEVEN CUCULICH, SR, requests that judgment be entered in his favor, and against Defendants, JOHN GRIER and the GRIER LAW FIRM, in an amount to be proved at trial, as follows:

(a) Actual damages in an amount to be proved at trial;

(b) The costs of brining this action; and

(c) Any for other relief the Court deems equitable and just.

Respectfully Submitted,

/s/ Christopher V. Langone

Christopher V. Langone, Esq.
Langone Law LLC
2275 Half Day Road Suite 346
Bannockburn, IL, 60015
Chris@LangoneLaw.com