**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| STEVEN CUCULICH, SR.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GRIER, and THE GRIER LAW FIRM,<br><br>Defendants. | Case No: 22-cv-1302<br><br>Judge Sarah Ellis<br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, JOHN GRIER and THE GRIER LAW FIRM (collectively "Grier"), by and through their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 50(a), move this Court for judgment as a matter of law, and in support thereof, state as follows:

**INTRODUCTION**

This motion is grounded in a straightforward but dispositive principle: under Illinois law, a legal malpractice plaintiff must establish the applicable standard of care through expert testimony, except in limited circumstances that do not apply in this case. The failure to present such testimony is fatal to Plaintiff's claim.

On May 8, 2026, this Court entered an order which properly excluded the expert testimony of Frederic Umane, Plaintiff's only designated expert witness on the critical issue of the standard of care. (ECF 149). The Court held that "Illinois law governs the standard of care" and that Umane, a New York lawyer, "lacks the necessary qualifications to opine on that standard." *Id.*

1

The consequence of this exclusion is dispositive: Plaintiff has no admissible evidence regarding what a reasonably competent Illinois attorney would have advised Plaintiff regarding the execution of a limited recourse guaranty and the consequences of a deed in lieu of foreclosure strategy in the event of default. Without such evidence, Plaintiff cannot prove that Grier breached the standard of care, which is a prerequisite to any legal malpractice recovery.

Under Federal Rule of Civil Procedure 50(a), judgment as a matter of law is appropriate when a party lacks a legally sufficient evidentiary basis to prove an essential element of its claim. That circumstance exists here. No reasonable jury could find in favor of Plaintiff on the breach element based on the evidentiary record. Accordingly, Defendants respectfully request that this Court enter judgment as a matter of law in their favor, dismissing Plaintiff's legal malpractice claim with prejudice.

## BACKGROUND

In June 2016, "401 S. State Street Owner LLC ("the Borrower") borrowed in excess of $47 million dollars" to fund the purchase of property commonly known as 401 S. Street, Chicago (the "Property"). Cmplt., ECF 1, at ¶ 8-9. As consideration for the loan, the Lender required a Limited Recourse Guaranty from Plaintiff (the "Guaranty"). *Id.* at ¶ 12. Plaintiff alleges that on June 10, 2016, he executed the Guaranty relying on advice that he claims he received from Grier regarding Plaintiff's "potential contingent liability in the event the Borrower failed to pay taxes and insurance." *Id.* at ¶ 16. Plaintiff claims that Grier acted negligent by purportedly advising Plaintiff "that he could eliminate any risk of this potential liability, should a default occur, by simply tendering to the Lender a deed in lieu of foreclosure" and that "should there be an event of default, Cuculich would be potentially liable only if Borrower did not tender, or refused to tender, a Deed in Lieu." *Id.* at ¶16-17. Per Plaintiff, "but for this legal advice", he would not have executed the

2

Guaranty. *Id.* at ¶ 19. Plaintiff alleges that he sustained damages proximately caused by his reasonable reliance on Defendant's purported negligent advice after the Borrower defaulted and the Lender sued Plaintiff to enforce its rights under the Guaranty. *Id.* at ¶¶ 20-41.

Plaintiff sought to prove that Grier breached the standard of care by introducing the opinion testimony of Frederic Umane, a New York lawyer. *See* Ex. A, Umane Report. Mr. Umane opined that "Grier did not meet the standard of competence in negotiating or explaining the risk in signing this guaranty." *Id.* Grier moved to bar Mr. Umane's opinions and on May 8, 2026, the Court entered an order granting Grier's motion. (ECF 149). The Court found that "Illinois law governs the standard of care" and that Mr. Umane "lacks the necessary qualifications to opine on that standard." *Id.*

In responding to Grier's motion to bar Mr. Umane's testimony, Plaintiff conceded the dispositive consequence of excluding Mr. Umane's testimony where Plaintiff argued that such exclusion "would effectively direct a verdict for Defendants on the breach element without a trial on the merits." Pltf. Resp., ECF 133, at 9. However, the Court correctly held that "Umane cannot offer expert opinion testimony regardless of whether that testimony is . . . necessary to Cuculich's case." (ECF 149).

## ARGUMENT

Rule 50(a) permits a Court to enter judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to find" in favor of a party. Fed. R. Civ. P. 50(a)(1). In other words, judgment as a matter of law is appropriate where a plaintiff has not presented enough evidence to allow a rational jury to find in its favor. *See Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924-25 (7th Cir. 2000). A Rule 50(a) motion "may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a). In evaluating a motion for judgment

as a matter of law, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Alexander v. Mt. Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007).

**Plaintiff Cannot Show that Grier Breached the Standard of Care Because He Has No Expert Testimony on the Standard of Care.**

To succeed in a legal malpractice claim under Illinois law, a plaintiff must establish four essential elements: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney, a negligent act or omission constituting a breach of that duty, proximate cause, and damages. *Merrilees v. Merrilees,* 998 N.E. 2d 147, 163 (Ill. App. 2013).

To establish breach, Plaintiff is required to present evidence establishing the applicable standard of care and that defendant's conduct fell below that standard. *Chisum v. McKeen,* 2022 IL App (1st) 210439, ¶ 29. In a legal malpractice case, expert testimony on the standard of care is required unless the alleged negligence is so obvious to be comprehensible to a layperson. "Plaintiffs are generally required to present expert testimony to prove their claim, and a failure to do so may prove fatal." *Ball v. Kotter*, 723 F.3d 813, 822 (7th Cir. 2013) (citing *Barth v. Reagan*, 564 N.E.2d 1196, 1200 (Ill. 1990)). Unless the "lawyer's breach of duty is obvious even to a layperson," expert testimony regarding the standard of care is necessary. *Hoagland v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 743 (7th Cir. 2004).

The rationale for requiring expert testimony is straightforward: lay jurors are not equipped to determine what constitutes reasonable care in professional conduct without measuring the actor's conduct against that of other professionals. Expert testimony from other qualified attorneys is therefore required to establish the prevailing standard of care and to allow a jury to determine whether the defendant, under the circumstances, deviated from that standard.

Illinois courts have recognized a narrow exception to the expert testimony requirement where the common knowledge or experience of lay persons is extensive enough to recognize or infer negligence from the facts or where an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it. *See Barth*, 564 N.E.2d at 1200. However, this exception applies only in limited circumstances. *Id.* It has only been found to apply in cases in which an attorney failed to meet a widely recognized filing deadline or where an attorney failed to take any action whatsoever regarding matters entrusted by the client. *Id., citing House v. Maddox*, 360 N.E.2d 580 (Ill. App. 1977); *Sorenson v. Fio Rito,* 413 N.E.2d 47 (Ill. App. 1980); *Gray v. Hallett,* 525 N.E.2d 89 (Ill. App. 1988). Thus, the Illinois Supreme Court explicitly rejected application of the common knowledge exception to matters that require legal analysis or professional judgment. *Barth*, 564 N.E.2d at 1200 (refusing to apply the common knowledge exception to a case that presented "a question of which of two potentially adverse clients deserve the attorney's attention and loyalty.")

Likewise, this case does not involve an "attorney miss[ing] a deadline, fail[ing] to comply with a statute of limitations, or completely neglect[ing] to take any action regarding a case." *Ball*, 723 F.3d at 823. Rather, the advice at issue in this case involves sophisticated transactional legal analysis that is not within the common knowledge of lay persons. It involves the characterization of carve-out provisions for taxes, insurance, and other recourse liabilities and the legal consequences of tendering a deed in lieu of foreclosure.

Plaintiff cannot even credibly argue that Grier's alleged breach of duty would be "obvious even to a layperson." *See Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d at 743. After all, Plaintiff alleges that he reasonably relied on Grier's advice. Cmplt., ECF 1, ¶ 20. Plaintiff is "a wealthy and sophisticated commercial real estate investor with a net worth of over $32 million and

over 40 years of experience investing in commercial real estate." *See* Oct. 8, 2025 Memorandum and Opinion, ECF 106, at 1. Additionally, the alleged advice was communicated to Plaintiff through his son-in-law, Joseph Nicosia III. *Id.* at 4. Mr. Nicosia is an Illinois attorney who, from September 2007 to September 2016, worked at Winston & Strawn LLP and concentrated his practice on private equity, real estate, mergers and acquisitions, and securities. *Id.* at 1. If the negligence in Grier's advice was not so obvious to Mr. Nicosia and Plaintiff when they claim to have received it and reasonably relied on it, then the negligence could not be obvious to a jury of lay persons.

In fact, in his motion for summary judgment, Plaintiff acknowledged that expert testimony is required to prove the breach of standard of care element of his legal malpractice claim. Pl.'s MSJ at 9, ECF No. 90. Plaintiff stated, "Proof of breach in a legal malpractice action ordinarily requires expert testimony regarding the standard of care," with the sole exception being "where an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it." *Id.* However, Plaintiff conceded that this exception does not apply to his case and expressly stated that expert testimony is required to prove the breach element: "Here, a lay person would not have common knowledge or experience to know whether Grier's advice—regarding a guarantee to a multi-million-dollar commercial real-estate loan—was negligent or not. Thus, expert testimony is necessary to prove this element." *Id.* Thus, because Plaintiff concedes expert testimony is required and because the Court excluded Plaintiff's only expert on the standard of care element, Plaintiff's claim necessarily fails as a matter of law.

> **Plaintiff's only other disclosed experts, Thomas P. McGarry, offers no opinions on the standard of care and his testimony is limited to rebutting Defendant's expert testimony.**

McGarry is not offering an opinion on whether the alleged advice was adequate or whether Grier breached the standard of care. *See* Ex. B, McGarry Report at 3. Mr. McGarry's opinions are

limited to the duty and causation elements of Plaintiff's claim. *Id.*; *see also* May 8, 2026 Ord, ECF 150, at 5 ("McGarry responds to (1) Harp's opinion regarding the existence of an attorney-client relationship under Illinois law and (2) Schwartz's opinion that Weissberg's negligence was a superseding cause of Cuculich's damages."). On May 8, 2026, the Court entered an order granting Defendant's motion *in limine* number 5 in part, "to the extent that it seeks to limit McGarry's testimony to the opinions disclosed in his rebuttal report." May 8, 2026 Ord, ECF 150, at 6. Moreover, as set forth in Defendants' motion *in limine* No. 5, McGarry conceded that he does not practice in commercial real estate transactions and/or lending law disputes. Defs' Mot. *in Limine* at 12, ECF No. 127. McGary is not qualified to offer opinions on the alleged advice relating to deeds in lieu of foreclosure. Thus, because McGarry did not disclose any opinions on the breach of the standard of care in his report and because McGarry is not even qualified to opine on deeds in lieu of foreclosure or limited recourse guarantees, Plaintiff cannot rely on McGarry to offer an opinion on the breach of the standard of care. In short, Plaintiff has no expert to opine on the alleged breach of the standard of care, and Defendants are entitled to judgment as a matter of law.

## CONCLUSION

In responding to Defendant's motion to bar the testimony of Frederic Umane, Plaintiff argued that the exclusion of such evidence "would effectively direct a verdict for Defendants on the breach element without a trial on the merits." Pltf.'s Resp., ECF 133, at 9. Plaintiff was correct. The court having ordered that Mr. Umane's testimony regarding the standard of care is excluded, Plaintiff has no expert evidence on the standard of care, the common knowledge exception does not apply in this case, and Plaintiff therefore cannot prove his claim. Thus, for the reasons stated above, Defendants, JOHN GRIER and THE GRIER LAW FIRM, respectfully request that this

Honorable Court enter judgment in Defendants' favor as a matter of law and dismiss the claims

against them, and grant any other relief this Honorable Court deems necessary and just.

                                        Respectfully Submitted,

                                        JOHN GRIER

Dated: May 10, 2026            By: /s/ *Carlos A. Vera*
                                        One of his attorneys


Carlos A. Vera ARDC #6310393
Samuel D. Branum ARDC #6326622
JOHNSON & BELL, LTD.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
verac@jbltd.com
branums@jbltd.com
Tel: 312-372-0770

*Attorneys for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Carlos A. Vera*